IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ORGLER HOMES, INC. and DAVID ORGLER,<br>       Plaintiffs,<br><br>vs.<br><br>CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICAN AND LOCAL UNION NO. 2087 OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,<br>       Defendants. | Case No. 06 C 50097<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

On February 14, 2007, Plaintiff filed a Motion for Leave to File a Third Amended Complaint which is the subject of this order. Plaintiff's motion claims that the proposed Third Amended Complaint merely adds a new Count III, makes additions to the prayer for relief and corrects typographical errors present in the Second Amended Complaint. However, Defendant contends that the proposed Third Amended Complaint has a much greater scope insofar as it reveals facts and entities heretofore unknown. As such, Defendant claims to be unduly prejudiced by the proposed amendment and suggests that if the court were to allow Plaintiff leave to file it, extensive fact discovery would be become necessary further delaying the timely resolution of the case.

1

Under the federal rules, once a party has amended its pleading the first time as a matter of course, it may only amend its pleading again by receiving either written consent of opposing counsel or leave of court to do so. Fed.R.Civ.P. 15. Plaintiff has not received written consent of Defendants, necessitating leave of court to file the Third Amended Complaint. Though leave of court "shall be freely given when justice so requires" pursuant to Rule 15, "leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including delay, the movant's bad faith, and undue prejudice to the opposing party." *Crest Hill Land Dev., L.L.C., v. City of Joliet,* 396 F.3d 801, 804 (7th Cir. 2005).

This case was filed on May 17, 2006. The Case Management Order originally provided for a fact discovery and amended pleading deadline of January 19, 2007, and a dispositive motion deadline of February 23, 2007. However, in mid-December the fact discovery and amended pleading deadlines were bumped to March 19, 2007,[1] and the dispositive motion deadline was bumped to April 19, 2007. Plaintiff's Motion for Leave to File the Third Amended Complaint was filed on February 14, 2007. Due to the briefing schedule, it is now being ruled upon after the close of discovery, in the face of a dispositive motion deadline nearly two weeks away.

In light of the dispute as to the impact of the proposed Third Amended Complaint, the court will conduct a three-part inquiry considering: 1) the effect the Third Amended Complaint will have on discovery; 2) the effect it will have on the Defendant's pending Motion for Summary Judgment; and, 3) the timing of the proposed amendment.

---

[1] The March 19, 2007, fact discovery deadline was itself recently extended for limited purposes to April 30, 2007. For all other purposes, fact discovery closed on March 19th.

I. The Effect of the Third Amended Complaint on the Discovery Schedule:

     Plaintiff claims the new Count III merely adds libel and slander per se allegations to the complaint, which already contains libel and slander per quod allegations in Count II. Plaintiff explains that the only difference between the per se and per quod allegations is that "when a statement is defamatory per se, damages are presumed, and when a statement is defamatory per quod, the plaintiff must prove special damages." *Lowe Excavating Co. v. Int'l Union of Operating Engineers, Local 150,* 765 N.E.2d 21, 31 (2d Dist. 2002). Thus, whatever discovery has been provided thus far concerning libel and slander per quod is said to be responsive to the new libel and slander per se allegations as well. As such, Plaintiff states that adding the proposed Count III does not impact the disclosures it has already made to opposing counsel due to the overlap between these very similar claims. Therefore, Plaintiff suggests that the proposed Third Amended Complaint will not require an extension of discovery deadlines.

     However, Defendant contends the proposed Third Amended Complaint introduces new entities which will need to be addressed by Defendant's expert, adds new facts to all counts, and will require Defendant to re-depose everyone it has gone through the trouble of deposing up to this point. A comparison of the second and third amended complaints reveals that Defendant's contentions are not unfounded.

     Orgler Homes Inc. is the brand name the Plaintiff's homes are sold and advertised under. Orgler Homes Inc. is solely owned by Plaintiff David Orgler. It is the entity which the Defendant Union targeted with picketing and leafleting due to alleged unfair labor practices it employed at its Heron Creek job site in Sycamore, Illinois, and its Railway Estates job site in (of

all places) Union, Illinois.

However, Plaintiff's proposed Third Amended Complaint identifies for the first time in this litigation Railway Estates, L.L.C., and Orgler-Broshar, L.L.C. According to this newly revealed information, Orgler Homes does not enter into sales contracts with home buyers at the Railway Estates subdivision in Union, Illinois. Rather, Railway Estates, L.L.C. does. Further, it turns out that Orgler Homes Inc. was not employing the independent contractors at the Heron Creek job site in Sycamore, Illinois. Rather, Orgler Homes was merely "coordinating" the independent contractors work there while Railway Estates, L.L.C. was billed for their time and materials. *See* Proposed Third Amended Complaint at 2 ("Orgler Homes coordinated the work of these independent contractors at Heron Creek, Sycamore, Illinois on open account which has continued to such activities at Union, Illinois with contractors on a time and material method of billing with Railway Estates, L.L.C."). Railway Estates, L.L.C., is solely owned by Plaintiff David Orgler. Further, Orgler-Broshar Development, L.L.C., is a company which apparently was also involved in developing land at the Railway Estates subdivision in Union, Illinois. At this point, it remains unclear what other roles Orgler-Broshar played and how Orgler-Broshar is relevant to this case.

The court is at a loss in understanding why these entities are being revealed at this time, in this manner. This is especially puzzling since the Defendant has for some time been seeking discovery concerning the amount of sales Orgler Homes Inc. allegedly lost due to the Union's picketing and leafleting activity. Now it turns out that Orgler Homes Inc. was not the one selling the homes at the Railway Estates subdivision at all, but Railway Estates L.L.C. was. It is easy to see why the Defendants have made allegations that the Plaintiff is "hiding the ball" when such

4

information comes out under the guise of merely adding a new count III and correcting typographical errors and sentence structure. Indeed, the revelation of these new entities didn't even take place in the proposed Count III, but in the extensively revised "Parties and the Injury That is Alleged" section of the proposed Third Amended Complaint.

Defendant has stated that it will have to re-depose everyone it has already deposed in light of this newly revealed information because it had been lead to believe that the independent contractors were employed directly by Orgler Homes, whom it targeted for picketing. Because it has since been revealed that the independent contractors were actually employed by Railway Estates., L.L.C., and Orgler-Broshar Development, L.L.C., questions of the Union's knowledge of this fact become relevant in determining whether they acted maliciously or in deliberate disregard of the fact that Orgler Homes did not employ non-union workers. *See* Defendant's Response at 6 ("Because of Plaintiff's game of hide the ball, Defendants failed to pursue specific information relating to what knowledge various deponents had, including knowledge regarding the Union's knowledge, in these matters. Such information is crucial in determining the Union's liability and assessing the strength of Plaintiff's case, especially in the defamation context.").

It is clear that Plaintiff's claim that the Third Amended Complaint will not impact the existing discovery schedule is not correct. If the court were to grant Plaintiff leave to file the proposed amendment, a second round of depositions would be required along with some level of inquiry into the role of the newly revealed entities, whether through supplemental disclosures under Rule 26(e) or otherwise.

II. The Effect the Third Amended Complaint Will Have on Defendant's Pending Motion for Summary Judgment:

Defendant's Motion for Summary Judgment is currently pending before the District Court. However, the Motion for Summary Judgment is only directed towards Counts III and IV of the Second Amended Complaint (interference with business relationships and tortious interference with contract, respectively). These counts are merely renumbered as Counts IV and V of the proposed Third Amended Complaint. As such, the proposed Third Amended Complaint poses no real impact on the pending Motion for Summary Judgment.

III. The Timing of the Proposed Amendment:

Plaintiff justifies the timing of its Motion for Leave to File the Third Amended Complaint by pointing out some recent case law. Plaintiff cites *Lowe v. Operating Engineers, Local 150,* in which the Illinois Supreme Court affirmed a finding of libel per quod with actual malice against Local 150 and upheld the award of punitive damages. Nos. 101231 & 101347 (Ill. Nov. 30, 2006). However, Plaintiff fails to explain how this case, dealing with libel per quod, supports Plaintiff's effort to add the proposed Count III for libel and slander per se.

Plaintiff also cites a case out of Illinois' 19th Judicial Circuit, *J. Maki Construction Company v. Chicago Counsel of Carpenters*, No. 65 L 503, in which a jury returned a multi-million dollar verdict against the Chicago Counsel of Carpenters on September 20, 2006. Unlike *Lowe,* this case did include allegations of libel per se. Plaintiff claims that, because its Motion to File a Second Amended Complaint was granted before the judgment was entered in *Maki,* Plaintiff was prevented from using *Maki* as precedent in its complaint. However, the *Maki* case

does not tell us anything new. It merely stands for the proposition that punitive damages are available in libel actions. Again, Plaintiff has failed to explain how the case justifies the proposed amendment.

Plaintiff claims that the *Lowe* and *Maki* decisions "form the basis for Plaintiff's filing their Motion at the time they did, since this Court will have to follow the law set forth by the Illinois courts on the supplemental claims." Plaintiff's Memorandum in Support of its Motion for Leave at 3. Be this as it may, the cited cases simply fail to support Plaintiff's Motion because they do nothing more than apply existing case law to claims similar to those brought by Plaintiff in this case. That alone does not justify an amended complaint so late in the game.

III. Conclusion

Defendant has demonstrated that extensive fact discovery would be required if the Plaintiff's Motion was granted. This would greatly delay the resolution of this case in light of the entities revealed for the first time in the proposed Third Amended Complaint. This burden is simply not warranted by the sparse justifications proposed by the Plaintiff. *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) ("These facts could have been pled at any time after the filing of the initial complaint. If the amendment were allowed, [defendant] would have been put to additional discovery, and thus prejudiced. We conclude that the district court did not abuse its discretion in refusing the amendment because of undue delay.").

However, the court recognizes that the proposed Count III itself poses no real threat to the discovery schedule and does not impose undue prejudice on the defense. If the Plaintiff were to have provided a proposed Third Amended Complaint which actually did what Plaintiff

claimed it did (adding the new Count III and cleaning up typos), the court would have granted it leave to file. However, that is not what Plaintiff has provided. As such, the court denies Plaintiff's Motion without prejudice. Nevertheless, the court would be willing to consider a Third Amended Complaint which merely adds the proposed Count III, cleans up typos and does not add facts or entities as the current draft does.

The Motion for Leave to File the proposed Third Amended Complaint is denied.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: April 3, 2007