# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| ORGLER HOMES, INC. and DAVID ORGLER, | Case No. 06 C 50097 |
| Plaintiffs, | Magistrate Judge |
| vs. | P. Michael Mahoney |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA AND LOCAL UNION NO. 2087 OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, David Orgler, was deposed on September 17, 2007. During Mr. Orgler's deposition, the following exchange took place:

> Defense counsel: Since May 24, 2006, has the Union picketed and distributed leaflets naming Orgler Homes and David Orgler stating, "On Strike Against Orgler Homes?"
>
> Plaintiff's counsel: Objection. It calls for a legal conclusion. . . . .
>
> Defense counsel: I am asking him a factual question. Since May 24, 2006, has the Union put handbills or picket signs outside that said, "On Strike Against Orgler Homes?"
>
> Plaintiff's counsel: That calls for a legal conclusion because the word "on strike" is a legal term. . . .
>
> Defense counsel: I will ask it again.

1

> Plaintiff's counsel: If you ask it one more time, I will instruct him not to answer it.
>
> Defense counsel: That is tantamount to telling your witness not to answer the question. It is a simple question that has not been answered.
>
> Plaintiff's counsel: It has been.
>
> Defense counsel: Mr. Orgler, you can't tell me a specific instance after May 24th, 2006, where the union held up a picket sign or distributed handbills that said, 'On strike against Orgler Homes;' isn't that true?
>
> Plaintiff's counsel: We have denied that that is true.
>
> Defense counsel: The question is pending. Please don't answer the question.
>
> Mr. Orgler: Can I answer it?
>
> Plaintiff's counsel: You can deny it, yes.
>
> Defense counsel: You cannot instruct your witness at a deposition. You know damn well that is improper. That is improper to direct your client how to answer a question. You know damn well it is.
>
> Plaintiff's counsel: He has already answered the question. I will instruct him not to answer.

(September 17, 2007, Deposition of David Orgler at 327-331).

On October 1, 2007, defendant filed its first Motion to Bar Evidence or in the Alternative to Compel Resumption of Deposition of Plaintiff, David Orgler. (Dkt # 261). The court granted this motion in part. The court gave defendant one week to ask Mr. Orgler in writing the question the parties were divided upon, namely whether or not Orgler could identify "a specific instance after May 24th, 2006, where the union held up a picket sign or distributed handbills that said, 'On strike against Orgler Homes.'"

Pursuant to this order, defendants propounded a written question to Mr. Orgler. However, the question presented did not mirror the question asked during the deposition. The

2

written question read:

> State the date and location after May 24, 2007 where you saw picket signs and/or handbills which stated "On strike against Orgler Homes" or which stated "On strike against David Orgler" or which stated that "Orgler Homes employs persons paid below area standard wages.

Plaintiff provided an evasive answer which failed to properly respond to either the original question from the deposition or the expanded written question submitted by the defendant.

On December 27, 2007, defendant filed its Second Motion to Bar Evidence and for Sanctions concerning the above dispute. (Dkt # 277). The court granted defendant's motion, ordered that Mr. Orgler answer the question as it was phrased during the September 17th deposition, and granted defendant attorney's fees.[1]

On January 17, 2008, defendant filed its Third Motion to Bar Evidence and for Sanctions. (Dkt # 289). This time, defendants had provided a written question which matched the original question from the deposition of September 17th, but Orgler's answer was qualified with an unsolicited explanation.

> Q: Mr. Orgler, you can't tell me a specific instance after May 24th, 2006, where the union held up a picket sign or distributed handbills that said, 'On strike against Orgler Homes;' isn't that true?
>
> A: Yes, because I arrive on site after the picketers have departed.

Exasperated with the parties inability to resolve this simple question, the court ordered the

---

[1] The amount of fees incurred in bringing this motion has been established as $2040.00. *See* Declaration of Terrance McGann, Dkt #287. However, defendant's interrogatory question expanded upon the original deposition question which the court authorized the defendant to ask, leading the court to reduce the amount of fees owed by 1/3 and award defendant $1360.00 instead of $2040.00.

redeposition of Mr. Orgler.  This redeposition was ordered to allow for follow up questions and qualifications to Orgler's answer.  Further, the court took the sanctions portion of defendant's third motion under advisement.

Having reviewed the transcripts and the multitude of motions and briefs on this issue, the court is convinced that this entire controversy is rooted in the misconduct of plaintiff's counsel during Mr. Orgler's September 17th deposition.  Plaintiff's counsel spoke for the witness ("*We have denied that that is true*," as if plaintiff's counsel had first hand knowledge of what Mr. Orgler saw).  Plaintiff's counsel  instructed the witness how to answer (Mr. Orgler: "Can I answer it?"  Plaintiff's counsel: "You can deny it, yes.").  Finally, plaintiff's counsel instructed the witness not to answer the question without any claim of privilege (Plaintiff's counsel: "If you ask it one more time, I will instruct him not to answer it." . . . . "He has already answered the question.  I will instruct him not to answer.").

Federal Rule of Civil Procedure 30(c)(2) provides that:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. *A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)*.

Fed.R.Civ.P. 30(c)(2) (Emphasis added).  It is clear that plaintiff's counsel's behavior was not sanctioned by the federal rules since he was not asserting a privilege, enforcing a limitation ordered by the court, or presenting a motion under Rule 30(d)(3) when he prevented Mr. Orgler from answering defense counsel's question.  Further, it is inappropriate for counsel to instruct a

4

witness not to answer a question on the basis that the question has been asked and answered. *See* Baicker-McKee, Janssen & Corr, Federal Civil Rules Handbook, p. 714 (2008).

Plaintiff's counsel's conduct has wasted the time of his client, opposing counsel, and this court. Sanctions are wholly appropriate under these circumstances. Plaintiff is hereby ordered to pay $1360.00 of the $2040.00 defendant incurred in bringing the Second Motion to Bar/Sanction within 30 days of this order and the entire amount of attorney's fees defendant incurred in bringing the third and final Motion to Bar/Sanction. Defense counsel is to submit an affidavit to the court outlining the fees incurred in bringing the third Motion to Bar/Sanction by March 10, 2008. Plaintiff's objections, if any, are to be filed by March 17, 2008.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: March 3, 2008