IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ORGLER HOMES, INC. AND DAVID ORGLER,<br><br>    Plaintiff,<br><br>vs.<br><br>CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA AND LOCAL UNION NO. 2087 OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,<br><br>    Defendants. | Case No. 06 c 50097<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On March 6, 2008, the court found Plaintiffs' counsel liable to Defendants for the costs and fees Defendants incurred in responding to Plaintiffs' second expert report. Specifically, the court ordered Plaintiffs' counsel to reimburse Defendants for bringing a motion to strike the first expert report, for conducting a second round of depositions, and for preparing a second expert report. After reviewing Defendants' proposed fees and costs and Plaintiffs' responses, the court makes the following determinations.

### II. BACKGROUND

On August 29, 2007, the court ordered the following Rule 26(a)(2) schedule: Plaintiffs'

1

expert disclosure was due November 1, 2007; Plaintiffs' expert was to be deposed by November 30, 2007; Defendants' expert disclosure was due December 31, 2007; and Defendants' expert was to be deposed by January 30, 2008.

Plaintiffs submitted their first expert disclosure and produced their expert, Robert E. Kleeman, for deposition according to the schedule ordered by the court. *Orgler Homes, Inc. v. Chicago Regional Council of Carpenters*, No. 06 C 50097, at 1 (N.D. Ill. Mar. 6, 2008). Defendants' expert, Wes Grover, prepared his expert report in rebuttal which Defendants disclosed to Plaintiffs on December 31, 2007. *Id*. That same night, Plaintiffs' counsel faxed to defense counsel "supplemental" expert materials consisting of a six page affidavit of Gary Meade, Kleeman's associate, a four page supplemental expert report, thirteen pages of supplemental data reports, and a new ten page MLS spreadsheet. *Id*. On January 2, 2008, Defendants moved to strike all of the December 31 materials submitted by Plaintiffs' counsel because, *inter alia*, they amounted to a new expert report. Def. Mtn. to Strike at 1-2. Plaintiffs argued that the materials were merely supplemental and necessary to correct an Excel spreadsheet error that had caused "corrupted data" in the original report. *Orgler Homes, Inc. v. Chicago Regional Council of Carpenters*, No. 06 C 50097, at 3 (N.D. Ill. Mar. 6, 2008).

On March 6, 2008, this court granted Defendants' Motion to Strike, finding that Plaintiffs' counsel's submission of the December 31 materials prejudiced Defendants. *Id* at 5. Specifically, the court noted that Defendants' expert had spent 33 days preparing a rebuttal report that was based on Kleeman's original report and deposition, both of which contained inaccurate data. *Id*. Plaintiffs' counsel offered no explanation for submitting the supplement on the very day that Grover's expert report was due. *Id*. Plaintiffs' counsel also did not reveal when Plaintiffs' need to supplement was first discovered and whether Plaintiffs' counsel could

2

have communicated the need to supplement to Defendants sooner. *Id*. Although the court did not find that they acted willfully, Plaintiffs' counsel was "certainly sloppy and perhaps negligent," and wasted Defendants' time and money. *Id.* at 5.

The court ordered Plaintiff to submit a new, comprehensive expert report by March 13, 2008. *Id* at 6. Defendants then had until April 10, 2008 to depose Kleeman and Meade, and to submit a new expert report by April 24, 2008. *Id*. Plaintiffs had until May 22, 2008 to depose Grover. *Id*.

The court also ordered Plaintiffs' counsel to pay Defendants' costs, under Federal Rule of Civil Procedure 37(c)(1), for bringing the Motion to Strike, drafting a second expert report, and deposing Kleeman and Meade regarding Plaintiffs' new expert report. *Id*. The court gave Defendants until May 1, 2008 to submit an affidavit outlining fees. *Id*. Plaintiffs' objections to the fees were due May 8, 2008. *Id*.

On April 30, 2008, Defendants submitted their Third Petition for Fees and Costs ("Defendants' Third Petition"). This petition outlined the costs incurred by Defendants in preparing the Motion to Strike. Def. Third Pet. at 1. Plaintiffs timely responded with objections. The court extended the time for Defendants to submit a petition for fees incurred in drafting a second expert report and in deposing Plaintiffs' experts until July 21, 2008. That date was again pushed back to July 29, 2008.

On July 29th, Defendants submitted their Fourth Petition for Fees and Costs ("Defendants' Fourth Petition"), which outlined the costs incurred in deposing Meade and Kleeman, and in preparing Grover's second expert report. Plaintiffs filed a timely response to the petition, and Defendants filed a timely reply.

On September 30, 2008, Judge Kapala granted Defendants' Motion for Summary

Judgment on all claims, and closed the case. *Orgler Homes, Inc. et al. v. Chicago Regional Council of Carpenters, United Brotherhood of Carpenters, et al.*, No. 06 C50097, at 1 (N.D. Ill. Sept. 30, 2008). Defendants moved to have the case re-opened for the purpose of resolving Defendants' outstanding petitions for fees and costs, which the district court granted on October 16, 2008.

It was obvious to the court that many of the materials and knowledge that Defendants used to conduct Kleeman's first deposition, and for Grover to write his first expert report, overlapped with the materials and knowledge used to conduct the second round of depositions and for Grover to write his second expert report. To ensure that Defendants are only compensated for the *extra* work Plaintiff's second expert report caused, the court ordered Defendants to submit an affidavit outlining the costs and fees associated with conducting Kleeman's first deposition and submitting Grover's first report. Defendants submitted that affidavit on November 3, 2008, and Plaintiffs responded to the affidavit on November 10, 2008.[1]

For the reasons stated below, the court orders Plaintiffs' counsel to reimburse Defendants in the amount of $64,382.95 for fees and costs associated with preparing the Motion to Strike, conducting the depositions of Kleeman and Meade, and preparing Defendants' second expert report.

## III. Discussion

Rule 37(c)(1) states,

If a party fails to provide information or identify a witness as required by Rule 26(a)

---

[1]As Plaintiffs aptly point out in their response, defense counsel's "affidavit" is not actually an affidavit because it is not sworn to. But, because the format for the affidavit is the same as the format for the previously filed petitions for fees and because defense counsel attached billing details as exhibits like he had with the previously filed petitions for fees, the court accepts the "affidavit" put forth by defense counsel for the purpose of this Order.

or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard[,] may order payment of the reasonable expenses, including attorney's fees, caused by the failure.

Fed. R. Civ. P. 37(c)(1)(A). The court must issue a Rule 37(c)(1) sanction that is based on all the circumstances and is proportional to the infraction. *Chappel v. SBC-Ameritech*, 2007 U.S. Dist. LEXIS 51133, at *4 (N.D. Ill July 13, 2007) (quoting *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998)). Where the infraction is the fault of the party's attorney, the appropriate remedy is to shift the costs to the party's counsel. *Chappel*, 2007 U.S. Dist. LEXIS at *11. The responsibility to provide a sufficient expert's report rests with the attorneys, not with the party. *Id*.

Because Rule 37 does not allow for expenses and fees "as a matter of course, district judges have 'almost absolute discretion'" when awarding them. *Ins. Benefit Adm'r v. Martin*, 871 F.2d 1354, 1360 (7th Cir. 1984) (quoting *Popeil Bros. v. Schick Electric, Inc.*, 516 F.2d 772, 777 (7th Cir. 1975)). A court may "rely on its own experience to estimate the time reasonably required for the work claimed." *Vocca v. Playboy Hotel of Chicago, Inc.*, 686 F.2d 605, 607 (7th Cir. 1982).

Plaintiffs' counsel is responsible for the deficiencies in Plaintiffs' first expert report, and the eleventh hour December 31 supplement. The appropriate remedy is for Plaintiffs' counsel to reimburse Defendants for the extra expenses incurred due to the submission of the December 31 materials. Defendants seek a total reimbursement of $72,877.95.[2] For preparing the Motion to

---

[2]According to McGann's Declarations, attached to Defendants' Third and Fourth Petitions, Defendants have paid $39,645 of the $72,877.95 billed. In McGann's declaration, attached to Defendants' Fourth Petition, he states that the invoice for the remaining $33,232.95 (representing experts' fees in preparing the second expert report) was "being forwarded to the Defendants with [McGann's] recommendation that it be paid and [McGann] fully expect[ed] the

5

Strike, Defendants seek $13,095 for attorneys' fees and $11,672 for experts' fees. Def. Third Pet., McGann Decl. at 2. Defendants seek attorneys' fees related to taking the depositions of Kleeman and Meade of $14,878. Def. Fourth Pet., McGann Decl. at 2. Finally, Defendants seek $33,232.95 in experts' fees related to the preparation of the second expert report. *Id.* The court discusses these fees in order.

### A. Fees and Costs for Preparing the Motion to Strike

Defendants seek $13,095 for attorneys' fees and $11,672 for experts' fees related to preparing the Motion to Strike. Def. Third Pet., McGann Decl. at 2. According to Defendants' petition, 57 attorney hours were spent on preparing the motion at an average rate of about $230 per hour. The court finds 57 attorney hours to be excessive for this motion. Defendants' motion to strike was two pages long, and the memorandum in support of the motion was 11 pages long. Plaintiffs submitted a Response that was about 10 pages long, and Defendants then submitted a Reply that was about 15 pages long. Defendants' attorneys thus submitted about 28 pages in support of the motion to strike. Although the submitted documents were competent and well-researched, the court finds that a reasonable number of billable hours for attorneys to have spent on these documents would have been 20, including two hours of consultation with Grover, ten hours to draft and present the motion and memorandum of law attached to the motion, and eight hours to draft the reply. Twenty hours multiplied by the attorneys' average rate of $230 per hour equals $4,600. The court orders that Plaintiffs' counsel reimburse Defendants $4,600 for attorneys' fees related to preparing the Motion to Strike.

Defendants also claim that 40.25 expert hours were spent at an average rate of $290 per hour. These fees are reasonable, and the court orders Plaintiffs' attorneys to reimburse

---

client to follow [his] recommendation." Def. Fourth Pet., McGann Decl. at 2.

Defendants this full amount. Thus, in total, the court orders Plaintiffs' counsel to reimburse Defendants $16,272 for fees and costs associated with preparing and filing the Motion to Stike.

### B. Fees and Costs for Taking the Depositions of Plaintiffs' Experts

Defendants seek $14,878 for attorneys' fees related to taking the depositions of Kleeman and Meade. Def. Fourth Pet., McGann Decl. at 2. These fees, associated with taking both Kleeman's and Meade's depositions, are reasonable in light of the fact that they are only slightly higher than the $13,939.50 in fees Defendants claim to have spent taking Kleeman's first deposition. Furthermore, Plaintiffs offer no objection to this amount. Accordingly, the court orders Plaintiffs' counsel to reimburse Defendants in the amount of $14,878 for costs and fees related to taking the depositions of Plaintiffs' experts.

### C. Fees and Costs for Preparing Defendants' Second Expert Report

Defendants seek $33,232.95 in experts' fees for preparing the second expert report. Def. Fourth Pet., McGann Decl at 2. This number reflects 115.5 hours of expert labor logged between July 1, 2008 and July 25, 2008, ten hours of which were logged by Grover's associates at lower rates than those charged by Grover.

This figure is significantly lower than the $106,403.60 in fees associated with preparing and submitting Grover's first expert report. Def. Supp. Aff. in Support of its Fourth Pet. for Fees and Costs at 2. To complete the first expert report, Grover and his associates logged 370 hours between April 1, 2007 and December 31, 2007 for a total bill of $98,041.10. Also in preparing the first expert report, Defendants' attorneys logged 40.75 hours, at an average rate of about $205 per hour, between February 9, 2007 and December 31, 2007.

Although the court is convinced that overlap occured in the resources required to produce the first and second expert reports, the overlap is properly reflected in the significantly lower

7

dollar amount sought for reimbursement in preparing the second expert report, and the signifantly lower number of hours required to produce it.[3] The court finds $33,232.95 reasonable, and orders Plaintiffs' counsel to pay Defendants this amount.

## IV. CONCLUSION

The court finds that the reimbursement figures Defendants seek for filing the Motion to Strike, deposing Kleeman (a second time) and Meade, and preparing a second expert report are slightly too high. The court orders Plaintiffs' counsel to reimburse Defendants in the amount of $64,382.95.

ENTER:

_____

P. MICHAEL MAHONEY, MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

DATE: November 24, 2008

---

[3] Because Defendants do not include a calculation of attorneys' fees in their total for preparing the second expert report (although, according to Grover's invoice, he consulted at times with defense counsel), for comparison purposes here, the court only considers the $98,041.10 in experts' fees associated with preparing the first expert report.